UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHRISTOPHER E. OGLE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:10-cv-115 (VARLAN/SHIRLEY) |
| CPL. MYERS, et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM**

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motion to dismiss and plaintiff's response thereto, and the defendants' motion to dismiss, or in the alternative, motion for summary judgment and plaintiff's response thereto. For the following reasons, the motions to dismiss [Doc. 9 and 13] will be **GRANTED** and this action will be **DISMISSED**. All other pending motions will be **DENIED** as **MOOT**.

**I.      Standard of Review**

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Dismissal "is proper when it is established beyond a doubt that the plaintiff cannot prove any set of facts consistent with the allegations that would entitle such plaintiff

to relief." *Collins*, 892 F.2d at 493. *See also Haines v. Kerner*, 404 U.S. 519 (1972); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## II.	Factual Background

Plaintiff brought this action during his confinement in the Blount County Detention Facility. The defendants are Correctional Officers Myers, Cantrell, Spires, and Mack.[1]

In his original complaint, plaintiff alleged that defendants Myers and Cantrell had violated his Eighth Amendment right against cruel and unusual punishment as the result of an incident at the detention facility. Plaintiff subsequently amended his complaint to add Officer Spires as a defendant. Defendants Myers, Cantrell, and Spires then filed a motion to dismiss the case as frivolous, contending that plaintiff had not stated the capacity in which the defendants were sued and had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. In his response to the motion to dismiss, plaintiff reiterated his claims and stated that he had followed the grievance procedures; he did not, however, address the contention that he had failed to state the capacity in which the defendants were sued.

Plaintiff then was allowed to amend his complaint to add Officer Mack as a defendant. Defendants Myers, Cantrell, Spires, and Mack next filed a motion to dismiss, or in the alternative, for summary judgment. In that motion they again alleged, *inter alia*, that plaintiff had failed to state the capacity in which the defendants were sued and had failed to exhaust

---

[1] Sheriff Berrong, who was also named as a defendant, was dismissed by the Court *sua sponte*.

his administrative remedies. In his response to the dispositive motion, plaintiff again reiterated his claims and insisted he had properly exhausted his administrative remedies; nevertheless, he again did not address the contention that he had failed to state the capacity in which the defendants were sued.

**III.   Discussion**

Plaintiff did not state in his original complaint or his amended complaints whether the defendants are sued in their official capacity or individual capacity. Accordingly, the Court must presume that the defendants have been sued in their official capacity only. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989). Because the defendants have been sued only in an official capacity, the Court must proceed as if plaintiff has in fact sued Blount County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail, plaintiff must demonstrate that the violation of his constitutional rights resulted from acts representing official policy or custom adopted by Blount County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989).

> Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities. Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity.

*Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (citations omitted).

Plaintiff does not allege that the violation of his rights was the result of any policy or custom on the part of Blount County. Accordingly, the defendants and Blount County, Tennessee, are entitled to judgment as a matter of law.

**IV. Conclusion**

The defendants are entitled to judgment as a matter of law. For that reason, the defendants' motions to dismiss will be **GRANTED**. All other pending motions will be **DENIED** as **MOOT**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE